## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Suzy St. John
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eric Dillon,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 27, 2015

Court of Appeals Case No.
49A05-1412-CR-596

Appeal from the Marion Superior Court

The Honorable Stanley Kroh, Magistrate

Trial Court Cause No.
49G16-1409-CM-42762

**Pyle, Judge.**

Eric Dillon ("Dillon"), appeals his conviction, after a bench trial, for Class B misdemeanor criminal recklessness.[1] On appeal, he argues that the evidence is insufficient to support his conviction because the State did not prove he committed an act that created a substantial risk of injury to the victim. Concluding that sufficient evidence supports the trial court's verdict, we affirm Dillon's conviction.

Affirmed.

## Issue

Whether sufficient evidence supports Dillon's conviction.

## Facts

Dillon and Rachel Riley ("Riley") dated from December 2013 to June of 2014. The two maintained contact after ending their relationship, and on August 13, 2014, Riley picked up Dillon from a family center on Illinois Street in Marion County. While Riley was driving, the two began arguing. Dillon then called an ex-girlfriend on his cellular phone. In response, Riley snatched away the headphones Dillon used with the phone and threw them out of the window. Dillon responded by taking Riley's cell phone and throwing it out of the window.

---

[1] IND. CODE § 35-42-2-2(a).

[5] Riley continued driving and arrived at the area of 16th and Rural Street. She and Dillon were still arguing when Dillon grabbed the steering wheel, jerked it, and caused the vehicle to swerve in and out of its lane of travel. At trial, Riley testified that Dillon caused the vehicle to swerve in this manner at least three times before she was able to stop the car at 10th and Rural Street. When Dillon exited the vehicle, he struck Riley on the side of her head, causing pain.

[6] On September 16, 2014, the State charged Dillon with Class A misdemeanor battery[2] and Class B misdemeanor criminal recklessness. A bench trial was held on November 25, 2014, and the trial court found Dillon guilty as charged. The trial court sentenced him to three hundred sixty-five (365) days in Community Corrections on the battery conviction and a concurrent sentence of one hundred eighty (180) days on the criminal recklessness conviction. Dillon now appeals his conviction for criminal recklessness.

## Discussion

[7] Dillon appeals his conviction for Class B misdemeanor criminal recklessness.

> When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences *supporting* the verdict. It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence,

---

[2] I.C. § 35-42-2-1(b).

they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (internal quotation marks and citations omitted) (emphasis in original).

[8] In order to convict Dillon of criminal recklessness as charged, the State had to prove that he recklessly, knowingly, or intentionally performed an act that created a substantial risk of bodily injury to Riley. I.C. § 35-42-2-2(a); (App. 16). A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct. I.C. § 35-41-2-2(c).

[9] Dillon argues that insufficient evidence supports his conviction because the State failed to present evidence that his act created a substantial risk of injury. He relies on our opinion in *Boushehry v. State*, 648 N.E.2d 1174, 1177 (Ind. Ct. App. 1995), *reh'g denied*. There, the defendant went to a vacant lot and fired two or three shots from his .22 caliber rifle at some geese. *Id*. at 1176. The defendant fired the shots in the direction of Shelbyville Road, which bordered the vacant lot. *Id*. We concluded that the possibility of a motorist passing by on Shelbyville Road at the time the defendant fired his gun presented "only a

remote risk of bodily injury." *Id*. at 1177. Because the record contained no evidence that anyone was in or near the defendant's line of fire, we held that the State had failed to prove the actual existence of substantial risk of bodily injury to another person. *Id*.

[10] Dillon contends, similar to the argument in *Boushehry*, that because the State presented no evidence of other vehicles or pedestrians in the road, or that a collision almost occurred, we should reverse his conviction. We disagree. The evidence most favorable to the judgment shows that Dillon repeatedly jerked the wheel of Riley's vehicle while she was driving, causing the vehicle to leave its lane of travel at least three times. This behavior is certainly a substantial deviation from acceptable standards of conduct, and the trial court could reasonably infer that Dillon's actions created a substantial risk of Riley losing control of the vehicle, crashing, and suffering bodily injury. The fact that no pedestrians or other vehicles were present did not lessen the risk of Riley losing control of her vehicle. Accordingly, sufficient evidence supports Dillon's conviction.

Affirmed.

Vaidik, C.J., and Robb, J., concur.